UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Darnell Pate, | ) | CASE NO.: 1:09CV1256 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| Timothy Brunsman, Warden, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Darnell Pate. Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DENIED.

**I.     Introduction**

On March 12, 2007, Pate was convicted of one count of rape and one count of kidnapping. Pate was sentenced to an aggregate term of incarceration of ten years. Following his unsuccessful appeals and post-conviction relief proceedings in the state court, Pate filed the instant petition on June 2, 2009. In his petition, Pate raised four grounds for relief arguing as follows:  1) there was insufficient evidence to support his rape conviction, 2) his conviction was against the manifest weight of the evidence, 3) his speedy trial rights were violated, and 4) his sentencing violated the Fifth and Fourteenth Amendments.

On February 9, 2010, the Magistrate Judge determined that none of Pate's grounds for

relief had merit.  Pate objected to the Report, and the Court now resolves those objections.

**II.     Legal Analysis**

In his objections, Pate challenges the conclusions of the Magistrate Judge with respect to grounds 1, 3, and 4 in his petition. Pate raises no objection to the resolution of his second ground for relief.

1. Sufficiency of the Evidence

Pate asserts that he is objecting to the Magistrate Judge's resolution of his first ground for relief.  The "objection," however, is nothing more than Pate restating the precise argument rejected by the Magistrate Judge.  A party may not file a general objection to the entirety of the magistrate's reasoning.  *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999).  An objection must "be specific in order to focus the busy district court's attention on only those issues that [are] dispositive and contentious."  *Id*. at 509.  If a party generally objects to the magistrate's report, it has the same effect as a failure to object.   By simply restating his argument and identifying no error in the Report, Pate has done nothing more than raise a general objection.  Such an objection is impermissible and is therefore overruled.

Furthermore, the Court notes that any such objection, even if made with specificity, would not be well taken.  Both the state court and the Magistrate Judge properly rejected Pate's argument regarding sufficiency of the evidence.  In that respect, Pate seems to assert that since he was not a father figure to the minor victim, forcible rape could not be demonstrated absent an overt threat or physical harm.  This is not the state of the law.  The state courts and the Magistrate Judge properly reviewed the totality of the evidence which amply supported a finding of force. Any objection to the sufficiency of the evidence, therefore, would lack merit.

    2. <u>Speedy Trial</u>

With respect to the resolution of his third ground for relief, Pate appears to raise two arguments. First, he asserts that the Magistrate Judge should have found a presumption of prejudice from the length of delay before he was brought to trial. Second, Pate contends that the Magistrate Judge should have done a specific calculation before concluding that Pate's speedy trial rights were not violated. The Court finds no merit in either contention.

First, Pate uses the improper date for determining the length of his delay. Pate seems to combine both pre-indictment delay with the delay following his indictment, while not highlighting the distinct law that governs pre-indictment delay. Moreover, the Magistrate Judge properly identified the law that indicates that a presumption of prejudice may arise from a lengthy delay. Pate's argument that this point should have been discussed at length or that such law is somehow dispositive is not well taken.

Pate's argument regarding presumed prejudice is not well taken for the same reason that his demand for a specific calculation of days related to speedy trial claim is not well taken. The record is abundantly clear that Pate was tried well-within the framework protected by his Constitutional speedy trial rights. Pate was indicted on November 30, 2005. His trial began on March 6, 2007. As such, 461 days passed between the indictment and trial. A review of the docket from the state court (Doc. 8-2) reveals numerous continuances that were granted at Pate's request, and thus not chargeable against his speedy trial time limits. There are roughly nineteen occasions on which Pate sought to delay the proceedings to facilitate discovery, independent investigation, a change of counsel, and further investigation. From those requests alone, Pate's trial was delayed approximately 367 days. This number does not factor in other delays attributable to motions filed by Pate that required rulings from the Court and thus tolled the speedy

trial time limits.[1]   Accordingly, both the state court and Magistrate Judge properly concluded that Pate did not come close to demonstrating a constitutional violation of his speedy trial rights.

    3.  <u>Cruel and Unusual Punishment</u>

While asserting that this argument falls under ground 4 of the petition, Pate ignores that he has never previously raised an Eighth Amendment challenge.  Rather, he raised a Fifth and Fourteenth Amendment due process challenge in state court and in his petition.  Accordingly, he may not now raise an Eighth Amendment challenge for the first time in his objections to the Report.  Moreover, if it were to reach the issue, the Court would summarily find that ten years incarceration for the forcible rape of minor child does not approach the cruel and unusual standard prohibited by the Eighth Amendment.   Pate's final objection is overruled.

**III.   Conclusion**

Having found no merit to the objections raised by Pate, the Court ADOPTS the Magistrate Judge's Report in its entirety.   The Petition is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.


March 24, 2010                                    */s/ John R. Adams*
                                                          JUDGE JOHN R. ADAMS
                                                          UNITED STATES DISTRICT JUDGE

---

1 The Court also notes that Pate seems to conflate his statutory right to a speedy trial and his constitutional right. Only the latter violation is cognizable in habeas.   Thus, Pate's repeated references to the 270-day limit in Ohio's statutory scheme have been ignored.